**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**COLUMBUS, OH**

**Kenneth Lawson,**
c/o Friedman, Gilbert + Gerhardstein
35 E 7th Street, Suite 201
Cincinnati, Ohio 45202

***Plaintiff,***

**vs.**

**Chief Justice Sharon Kennedy,**
**Justice Jennifer Brunner,**
**Justice Joseph T. Deters,**
**Justice R. Patrick DeWine,**
**Justice Patrick F. Fischer,**
**Justice Daniel R. Hawkins,**
**Justice Megan E. Shanahan,**
*In their official capacities as Justices of the Supreme Court of Ohio,*
65 South Front Street
Columbus, OH 43215

**-and-**

**THE SUPREME COURT OF OHIO,**
65 South Front Street
Columbus, OH 43215

***Defendants.***

Case No: 2:25-cv-607

Judge:

Magistrate Judge:

**COMPLAINT**

**Related case: *Terry v. Kennedy, et al.,* No. 2:24-cv-1200-ALM-CMV (SD OH)**

## I. INTRODUCTION

1. Ohio is one of only four states that impose permanent disbarment on attorneys, denying them any opportunity to reapply for admission to the practice of law during their lifetimes[1]. Plaintiff Ken Lawson was permanently disbarred, following misconduct

[1] New Jersey abandoned permanent disbarment in 2024. See *Terry v. Kennedy*, No. 2:24-CV-1200, 2025 WL 948919, at *1 (S.D. Ohio Mar. 28, 2025).

driven by drug addiction. He has been clean, sober, and a model citizen for the last 18 years. The Ohio Supreme Court disbarment rule says in effect that reform does not matter. Rehabilitation does not matter. This Court, in *Terry v. Kennedy et al*., 2025 WL 948919 (S.D. Oh. 3/28/25), held that another disbarred Ohio attorney stated a claim when he challenged the Ohio disbarment rule under due process and equal protection. Plaintiff Lawson brings claims under those theories and also adds claims under the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12131 et seq.

2. Mr. Lawson applied to the Ohio Supreme Court under Ohio R. Civ. P. 60(b), seeking relief from the judgment disbarring him, and asking the court to alter its disbarment order and instead impose indefinite suspension. His application was denied in a one sentence ruling. *Disciplinary Counsel v. Lawson*, *5/13/2024 Case Announcements #3,* 2024-Ohio-1816. Therefore, this Court is the only place Plaintiff can seek relief and regain an opportunity to be readmitted to the practice of law. He seeks a declaratory judgment declaring that the Ohio Disciplinary Rule authorizing disbarment violates the United States Constitution and federal law and an injunction against enforcing the disbarment rule as applied to him under the ADA.

## II. JURISDICTION AND VENUE

3. This case arises under the Fourteenth Amendment To the United States Constitution and federal law.
4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) in that the unlawful actions challenged herein occurred in this District.

## III. PARTIES

6. Plaintiff Kenneth Lawson ("Plaintiff" or "Mr. Lawson") has been at all times relevant to the facts of this case a resident of the City and County of Honolulu, State of Hawaii. Until 2008 he was a resident of the State of Ohio and he practiced law in Ohio from 1989 to 2007. He was permanently disbarred in 2011. *See Disciplinary Couns. v. Lawson,* 130 Ohio St. 3d 184, 2011-Ohio-4673. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. §12131(2) because he is a recovered addict.
7. Defendant Chief Justice Sharon Kennedy is the Chief Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is a "person" within the meaning of 42 U.S.C. §1983. She is sued only in her official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.
8. Defendant Justice Jennifer Brunner is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is

a "person" within the meaning of 42 U.S.C. §1983. She is sued only in her official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

9. Defendant Justice Joseph T. Deters is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is a "person" within the meaning of 42 U.S.C. §1983. He is sued only in his official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

10. Defendant Justice R. Patrick DeWine is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is a "person" within the meaning of 42 U.S.C. §1983. He is sued only in his official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

11. Defendant Justice Patrick F. Fischer is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for

readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is a "person" within the meaning of 42 U.S.C. §1983. He is sued only in his official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

12. Defendant Justice Daniel R. Hawkins is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is a "person" within the meaning of 42 U.S.C. §1983. He is sued only in his official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

13. Defendant Justice Megan E. Shanahan is a Justice of the Ohio Supreme Court. The Ohio Supreme Court is vested with the power to regulate the practice of law in Ohio, including admitting new attorneys, disciplining current attorneys, and setting the rules for readmission to the practice of law of disbarred or disciplined attorneys. Defendant, as a state official charged with administering attorney licensing and discipline for the Supreme Court of Ohio, may be sued under the Americans with Disabilities Act in the same manner as a "public entity" within the meaning of 42 U.S.C. §12131. Defendant is

a "person" within the meaning of 42 U.S.C. §1983. She is sued only in her official capacity as Plaintiff seeks prospective relief to end an ongoing violation of federal law.

14. Defendant Ohio Supreme Court is the highest Court in the State of Ohio and has responsibility for regulating and controlling the practice of law in Ohio. The Ohio Supreme Court has exclusive authority to promulgate and enforce disciplinary rules governing the practice of law by attorneys in Ohio. Defendant is a "public entity" as defined in 42 U.S.C. §12131(1)(B). Defendant is named solely with respect to the claim for relief under the Americans for Disability Act.

15. Defendants Kennedy, Brunner, Deters, DeWine, Fischer, Hawkins, and Shanahan may be referred to as "Defendant Justices" collectively.

## IV. FACTS

### A. Ohio Court Rule on Disbarment

16. This case seeks declaratory and injunctive relief with respect to Gov. Bar. R. V., Section 12(B) which provides:

> Disbarment or Resignation. A person who is disbarred, who has resigned with discipline pending, or who has retired from the practice of law on or after September 1, 2007 shall not be readmitted to the practice of law in Ohio.

17. Under this rule disbarred attorneys are prohibited from seeking readmission to the practice of law for the rest of their lives. One former Ohio Justice has called this the "death penalty for a lawyer." *Disciplinary Counsel v. Terry*, 2016-Ohio-563, 147 Ohio St. 3d 169, 174, ¶20 (O'Neil, J., dissenting).

18. In forty-two states, disbarred attorneys may seek readmission. *See* Administrative Determinations by the Supreme Court on the Report of the Special Committee on the Duration of Disbarment for Knowing Misappropriation, Supreme Court of New Jersey,

available at https://www.njcourts.gov/sites/default/files/notices/2024/10/241015ba.pdf?cb=7c991d5b at 3 (last accessed May 22, 2025). In other words, most states that have disbarment as a disciplinary sanction do not have permanent disbarment.

19. This Court recently held that a complaint alleging due process and equal protection violations by a disbarred Ohio attorney stated a claim for relief. *Terry v. Kennedy*, No. 2:24-CV-1200, 2025 WL 948919, (S.D. Ohio Mar. 28, 2025).

**B. Kenneth Lawson and His History of Rehabilitation**

20. Kenneth Lawson is Black and was raised in an orphanage before adoption at age three. He graduated from Wittenberg College in Springfield, Ohio in 1986 and received his J.D. from the University of Cincinnati College of Law in 1989. He was admitted to practice law in Ohio in 1989.

21. Mr. Lawson was the first Black attorney hired at the corporate Taft law firm in Cincinnati but eventually left to start his own firm to be a lawyer for the people, particularly the African-American community, practicing criminal defense and civil rights law. He was a strong advocate for members of the Black community and had great success as a trial attorney. He was cocounsel for the plaintiff class in the case that resulted in the Cincinnati Collaborative Agreement which remains a national model for police reform. *See In re Cincinnati Policing*, 209 F.R.D. 395 (S.D. Ohio 2002).

22. Plaintiff was treated with opioids for a medical problem in the early 2000s and became addicted. His drug addiction caused him to neglect his work and mismanage client cases. He suffered an interim suspension from the practice of law in 2007. *Disciplinary Couns. v. Lawson,* 113 Ohio St. 3d 1508, 2007-Ohio- 2333.

23. Through hard work and determination, Plaintiff has been sober and drug free for 18 years, since February 1, 2007.

24. Plaintiff was indefinitely suspended from the practice of law in Ohio in 2008, *Cincinnati Bar Assn. v. Lawson,* 2008-Ohio-3340, 119 Ohio St.3d 58. In that ruling the Defendant Supreme Court noted that Plaintiff would one day be able to competently and ethically return to the practice of law. *Id.* at ¶72.

25. In the hearing before the BCGD that led to his indefinite suspension, Plaintiff admitted to the existence of a scheme whereby a doctor would write phony prescriptions for him, including by using the names of his clients, so he could have a continuous supply of prescription opioids. Ex. A, Declaration of Kenneth Lawson, at ¶14, 22. He was later charged criminally for this conduct. *Id.*

26. Defendant Supreme Court of Ohio acknowledged the existence of this scheme in their order indefinitely suspending him in 2008. *Lawson,* 2008-Ohio-3340, at ¶66.

27. Mr. Lawson plead guilty to felonies related to his drug driven misconduct and was sentenced to two years in federal prison followed by twelve months of supervised release. *See United States v. Lawson,* No. 1:08-cr-00097-SSB (S.D. OH).

28. In 2011, following his felony conviction, the Ohio Board of Commissioners on Grievances and Discipline recommended indefinite suspension, finding that sanction was sufficient to ensure Lawson's rehabilitation and to protect the public. Ex. B, Findings of Fact, Conclusions of Law and Recommendation of the BCGD, at 8-9.

29. Despite the fact that the criminal case and the second disciplinary proceeding were based on the same evidence that had been presented in the initial disciplinary proceeding, the Justices and Defendant Court in the second disciplinary proceeding did not follow the

recommendation of the Board and instead imposed permanent disbarment. *Disciplinary Couns. v. Lawson,* 130 Ohio St. 3d 184, 2011-Ohio-4673.

30. The Justices and Defendant Court noted Plaintiff's addiction and interim rehabilitation, but imposed permanent disbarment notwithstanding that finding. *Id.* at ¶13.

31. Mr. Lawson has spent the last 18 years continuing to make amends. He is now 61 years old. He has told his story of addiction and discipline to law students, attorneys, bar associations, judges, and the public. He works hard to help others avoid his fate.

32. Plaintiff Lawson is now a tenured professor of law at Richardson School of Law in Honolulu. He teaches criminal procedure, criminal law, evidence, and professional responsibility.

33. He started as a law clerk at the Hawaii Innocence Project and, since 2016, has been its Co-Director. He hopes to one day be able to practice law in his current home state of Hawaii.

34. Under Hawaii Rules of practice, the Hawaii Supreme Court defers to other states and will not admit lawyers to practice law if they are disbarred or suspended from the practice of law in other states. Rules of the Supreme Court of the State of Hawaii, R. 1.3(a)(5) ("An applicant shall not be allowed to sit for the examination or be admitted to the Hawaiʻi bar during any period in which the applicant is suspended or disbarred…in any other jurisdiction").

35. Therefore, Plaintiff Lawson must secure readmission in Ohio before he can reasonably expect the Hawaii Supreme Court to grant him admission to the bar in Hawaii.

36. Mr. Lawson filed a motion for relief from judgment in the Ohio Supreme Court in 2024 seeking a modification of his status to indefinite suspension which has a pathway for

readmission. That motion was denied in a one sentence order without comment. *Disciplinary Counsel v. Lawson*, *5/13/2024 Case Announcements #3,* 2024-Ohio-1816.

37. Prior to his drug related misconduct Mr. Lawson had practiced law in Ohio for 18 years with no disciplinary violations.

**C. Arbitrary and Discriminatory Application of Disbarment in Ohio[2]**

38. Mr. Lawson's case is an outlier when compared with other attorneys disciplined between 2008 and 2011.

39. Plaintiff Lawson was one of the few Black members of the Ohio Bar.[3] The Ohio Supreme Court and the Ohio State Bar Association have identified discriminatory practices and established an action plan to address racial fairness. *See, e.g.,* Racial Fairness Implementation Task Force Action Plan. https://www.supremecourt.ohio.gov/docs/Publications/fairness/Action-Plan-dev.pdf

40. Seventy-two out of seventy-five attorneys, or ninety-six percent of attorneys recommended by the Ohio Board of Commissioners on Grievances and Discipline for indefinite suspension received indefinite suspension or a time-limited suspension from the Defendant Court, not disbarment. Ex. C, Decl. of Susan Shellenberger, at ¶14.

41. Plaintiff was subject to the highly unusual outcome of disbarment, as compared to similarly situated attorneys. Despite the Board recommendation of indefinite suspension, Mr. Lawson was disbarred.

[2] See Appendix to Ex. C, Attorney Discipline Cases Between 2008-2011, attached.

[3] While Ohio is approximately thirteen percent Black, only 4.3% of the Ohio bar is Black. Quick Facts—Ohio, United States Census Bureau, https://www.census.gov/quickfacts/fact/table/OH/RHI225222#RHI225222; Ohio State Bar Association, 2022 Profile of the Legal Profession in Ohio, at 5 https://www.ohiobar.org/globalassets/public-resources/profile-of-legal-profession/pdfs/polp_public-2022.pdf.

42. Between 2008 and 2011, twenty-nine attorneys were convicted of felonies, and of those, only eight were disbarred, and the rest suspended. *Id.* at ¶6-7.

43. Between 2008 and 2011, thirteen attorneys raised chemical dependency as a mitigating factor in their disciplinary cases. Aside from Plaintiff, two were ultimately disbarred, ten were given an indefinite suspension, and one was given a time-limited suspension. *Id.* at ¶11. Defendant Ohio Supreme Court followed the recommendation of or gave a lower sanction, as compared to the recommendation of the Board of Commissioners on Grievances and Discipline in all these cases except for Mr. Lawson's. *Id.*

44. Ohio has recognized that substance abuse disorder is a disease that requires treatment. Ohio Attorney General, *Opioid Answers,* https://www.ohioattorneygeneral.gov/Individuals-and-Families/Victims/SCOPE/Opioid-answers (last accessed May 6, 2025).

45. The extent of the damage caused by opioids led President Trump in 2017 to declare the opioid epidemic a national public health emergency. Center for Medicaid Services, Ongoing Emergencies and Disasters, https://www.cms.gov/about-cms/what-we-do/emergency-response/current-emergencies/ongoing-emergencies#:~:text=On%20Thursday%20October%2026%2C%202017,is%20a%20national%20health%20emergency.%E2%80%9D (accessed May 6, 2025). Granting the requested declaratory and injunctive relief will allow attorneys who have received treatment and experienced rehabilitation such as Mr. Lawson to regain access to their livelihood as attorneys and regain their standing in the community.

46. When Plaintiff was actively using illegal drugs, he should not have been allowed to practice law. However, now with many years of consistent drug-free recovery under his

belt, he deserves and has a legal right to demonstrate his moral character and fitness to practice law.

47. To reasonably accommodate recovered addicts, they must be given an opportunity to show that they are now recovered and should no longer be judged by actions driven by their previous active addiction.

48. It is an unfair and an inaccurate stereotype to say that recovered addicts will always behave the way they did during active addiction.

49. Plaintiff was disbarred for, *inter alia,* misappropriation of client funds. His misconduct was driven by his addiction, which became an extremely expensive habit.

50. Now, his employer, the University of Hawaii, entrusts him with fiduciary and fiduciary-like responsibilities in the administration of grants and other university programs. He has shown he is now trustworthy enough to guard client funds and deserves an opportunity to demonstrate that to the court.

51. However, by permanently disbarring Mr. Lawson, Defendants have permanently prevented him from showing that he is now rehabilitated, possesses the requisite moral character and fitness to practice law, and that his actions taken in the depths of opioid addiction are not representative of his current character.

52. Permanent disbarment as applied to Plaintiff Lawson discriminates against him based on his status as a recovered addict. A reasonable accommodation would be to allow Plaintiff Lawson to *seek* reinstatement, in the same way similarly situated indefinitely suspended attorneys may do so.

## V. FIRST CLAIM FOR RELIEF

**Disability Discrimination in Violation of Title II of the Americans with Disabilities (Against All Defendants)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

55. The Ohio Supreme Court is a public entity covered by Title II of the ADA as set forth in 42 U.S.C. § 12132. Defendant Justices may be sued for prospective relief under Title II of the ADA in the same manner as a "public entity" may be sued.

56. Plaintiff Lawson is an individual with a disability within the meaning of the ADA. He is a person who suffers from drug addiction, but is not actively using illegal narcotics, and thus qualifies as "disabled" under the ADA. 42 U.S.C. §12114(b)(1).

57. Defendant Justices have violated Title II of the ADA in their official capacities as Ohio Supreme Court Justices, who are charged with regulating attorney discipline. The Justices have the authority to promulgate and amend the Supreme Court Rules for the Government of the Bar, which includes the Permanent Disbarment Rule. Gov. Bar. R. V., Section 12(B).

58. Opioid use disorder is a disability and those who have ceased illegal drug use and have been rehabilitated are protected by the ADA. U.S. Department of Justice, Civil Rights Division: The Americans with Disabilities Act and the Opioid Crisis: Combating Discrimination Against People in Treatment or Recovery (2022), https://archive.ada.gov/opioid_guidance.pdf (last accessed April 22, 2025).

59. A public entity may not administer licensing or certification programs in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, and must make reasonable modifications in policies, practices or procedures when necessary to avoid discrimination on the basis of disability, unless the public entity itself can demonstrate that doing so would "fundamentally alter" the nature of the program. 28 C.F.R. 35.130(6)-(7)(i). Defendant Supreme Court cannot make that showing with respect to disbarment.

60. An otherwise qualified individual such as Mr. Lawson may not be discriminated against on the basis of past illegal drug use, when the person has successfully been rehabilitated. 28 C.F.R. 35.131(a)(2).

61. Courts may grant injunctive relief to remedy a violation of the ADA. 42 U.S.C. § 12188(a)(1). In light of Mr. Lawson's rehabilitation and recovery, Defendant Court's permanent disbarment of Mr. Lawson based on his history of addiction substitutes judgment of Mr. Lawson's current fitness to practice law, for an impermissible generalization about the moral character and qualifications of persons with active addiction. Thus, the disbarment rule illegally prevents Mr. Lawson from ever seeking readmission despite his rehabilitation and recovery, all in violation of the ADA.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. §1983: Due Process Violation**
**(Against Defendant Justices)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Under the Fourteenth Amendment, "[n]o State shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1.

64. The right to practice law is a property and liberty interest protected by the Due Process Clause.

65. The defendant members of the Ohio Supreme Court in their official capacities have violated Plaintiff's right to due process of law by imposing disbarment and denying to him any opportunity to seek re-admission to practice for the rest of his life.

66. The Ohio disbarment rule imposes a permanent bar to the practice of law and not a brief interruption.

67. The permanent nature of disbarment which prevents any presentation of the rehabilitation and reform of the disciplined attorney is not rationally related to any legitimate governmental purpose.

68. The disbarment rule improperly imposes a complete prohibition from the practice of law by Plaintiff that has no rational connection to his fitness to practice law.

**<u>THIRD CLAIM FOR RELIEF</u>**

**42 U.S.C. §1983: Equal Protection Violation**
**(Against Defendant Justices)**

69. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

70. Under the Fourteenth Amendment, "[n]o State shall…deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, §1.

71. The Disbarment Rule treats those disbarred differently than other similarly situated people – others with similar criminal and disciplinary records – who were given an opportunity to rehabilitate and later demonstrate rehabilitation and present fitness and moral character.

72. The defendant members of the Ohio Supreme Court in their official capacities have violated Plaintiff's right to equal protection of the law by imposing disbarment and denying to him any opportunity to seek re-admission to practice for the rest of his life without serving a rational basis and while treating similarly situated attorneys more leniently.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

1. Pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P 57, grant a declaratory judgment that Defendant's actions and inactions are unlawful and unconstitutional as applied to Plaintiff for the reasons specified above;
2. After issuance of a declaratory judgment, grant preliminary and permanent injunctive relief against all Defendants, prohibiting them from enforcing the Disbarment Rule against Plaintiff, and requiring them to allow Plaintiff to seek reinstatement to the Ohio bar in accordance with the procedures indefinitely suspended attorneys are required to follow;
3. Award Plaintiff his costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 1988 and 42 U.S.C. § 12205 and;
4. Award any such further relief as the Court may deem just and proper.

Dated: June 2, 2025

Respectfully submitted,

**/s/Alphonse A. Gerhardstein**

Alphonse A. Gerhardstein (#0032053)
Friedman, Gilbert + Gerhardstein
35 E 7th Street, Suite 201
Cincinnati, Ohio 45202
T: 513-572-4200

F: 216-621-0427
al@fggfirm.com
*Trial Attorney*

David C. Greer (#0009090)
Bieser, Greer & Landis, LLP
409 East Monument Avenue, Ste 400
Dayton, Ohio 45402
T: 937-272-4459
F: 937-223-6339
dcg@biesergreer.com
*Attorney for Plaintiff Lawson*

Mark A. Vander Laan (#0013297)
Angela S. Larsen (#0105189)
Ohio Justice and Policy Center
215 E 9th St. Suite 601
Cincinnati, OH 45202
T: 513-421-1108
F: 513-562-3200
mvanderlaan@ohiojpc.org
alarsen@ohiojpc.org

*Attorneys for Plaintiff Lawson*